| | | |
|---|---|---|
| **U.S. Department of Labor**<br>**Office of the Solicitor** | 201 Varick Street, Room 983<br>New York, NY 10014 |  |

Reply to the Attention of: Susan B. Jacobs
Senior Trial Attorney
(646)-264-3664
Jacobs.Susan@dol.gov

**VIA ECF**

March 29, 2019

Honorable Dennis R. Hurley
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    Acosta v. DFR Hospitality Management LLC and Donald Finley
             Civil Action File No. 18-00346 (DRF)(AKT)

Dear Judge Hurley:

On March 13, 2019, Magistrate Judge A. Kathleen Tomlinson issued a Report and Recommendation recommending that the Secretary's motion for entry of default against the Defendants be granted (Document No. 16). She also recommended that back wages and liquidated damages in the total amount of $155,221.50 be awarded to the Secretary and that an injunction restraining Defendants from future violations of the overtime and recordkeeping requirements of the Fair Labor Standards Act be imposed.

Magistrate Judge Tomlinson further recommended that entry of judgment be deferred for 21 days to give the Secretary the opportunity to submit the amount of costs sought and to set forth the authority for which the Secretary is entitled to post-judgment interest as well as the appropriate rate of interest. The Secretary has not incurred any taxable costs in this action.

With regard to post-judgment interest, the Secretary will seek interest pursuant to 28 U.S.C. § 1961 from the date of entry of judgment through the date Defendants pay the all back wages and liquidated damages awarded in this case. *See Andrulonis v. United States*, 26 F.3d 1224, 1230 (2d Cir. 1994)(post-judgment interest is designed to compensate for the delay plaintiff suffers from the time damages are ordered to the time defendant pays the judgment); *Donovan v. Sovereign Sec., Ltd.*, 726 F.2d 55, 58 (2d Cir. 1984)(the allowance of post-judgment interest is mandatory for any money judgment).

Post-judgment interest will be calculated as set forth in 28 U.S.C. § 1961(a):

> Interest shall be allowed on any money judgment in a civil case recovered by a district court…[s]uch interest shall be calculated from the date of entry of the

   judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.[1]

Therefore, the Secretary respectfully requests that the Court enter judgment against the Defendants upon which post-judgment interest shall accrue in accordance with 28 U.S.C. § 1961(a). Thank you for your attention to this matter.

Sincerely,

Jeffrey S. Rogoff
Regional Solicitor


By:  **/s *Susan B. Jacobs***
   Susan B. Jacobs
   Senior Trial Attorney


Cc:  Donald Finley, Owner
   DRF Hospitality Management LLC

---

[1] 28 U.S.C. § 1961(b) provides that interest shall be computed daily to the date of payment and compounded annually.